IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | CIVIL ACTION NO. |
| v. | ) ) | |
| TURKEY HILL DAIRY, INC., | ) ) ) | **COMPLAINT** **JURY TRIAL DEMAND** |
| Defendant. | ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and retaliation and to provide appropriate relief to Nathan D. Rush who was adversely affected by such practices. As articulated with greater particularity in Paragraph 7 below, the Commission alleges that during his employment, Mr. Rush was sexually harassed on a daily basis by his male co-workers when they subjected him to unwelcome inappropriate sexual comments, sexual slurs, and sexually offensive gestures which created a hostile work environment. The Commission alleges that on several occasions Mr. Rush complained to his supervisor, William Hershey, about the sexually harassing environment, but Defendant failed to take any remedial action to cease the harassing behavior at the workplace and the harassment continued.

The Commission also alleges that Defendant retaliated against Mr. Rush by terminating his employment after he complained of the sexual harassment by his co-workers. As a result of the

sexual harassment and retaliatory discharge, Mr. Rush suffered income losses, as well as emotional distress damages.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to 704 (a), and 706 (f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a), and §2000e-5(f) and (3)("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Turkey Hill Dairy, Inc. ("Turkey Hill") (the "Employer"), has continuously been doing business in the State of Pennsylvania, and the City of Conestoga, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Nathan Rush filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least August 2004, Defendant Employer has engaged in unlawful employment practices at its Conestoga, Pennsylvania facility, by unlawfully subjecting Nathan Rush to a hostile work environment based on his sex, male, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1). In addition, Defendant Employer has also subjected Mr. Rush to retaliation for his complaints of sexual harassment in violation of Section 704(a) of Title VII, 42 U.S.C. §2000e-(a). These unlawful practices include, but are not limited to, the following:

(a) On or about August 1, 2004, Mr. Rush began his employment with Defendant as a Fluid Utility Worker II, and remained in this position until his retaliatory discharge on or about January 23, 2006.

(b) From the onset of his employment, Mr. Rush's co-workers regularly subjected him to unwelcome sexually offensive comments, sexually offensive gestures, and made sexually offensive jokes referring to Mr. Rush's sexuality and sexual preference.

(c) Defendant's Assistant Leaderman, Keith Souders, harassed Mr. Rush on a daily basis from the onset of Mr. Rush's employment. Among other offensive behaviors, Souders frequently called Mr. Rush a "bitch," and blew kisses and whistled at him while in the presence of co-workers.

(d) On one occasion Souders, commented, " Hey Nate (Mr. Rush), when Scott (co-worker) came in today, he had a big smile on his face. You must have done a good job sucking his

dick last night!"

(e) On another occasion, Mr. Rush's co-worker blurted, while in the presence of co-workers, "I wouldn't stand next to Nate if I were you; he'll probably want you to pat him on the butt!"

(f) Other co-workers regularly referred to Mr. Rush as a "bitch," "whore," and "faggot" while making gestures toward him relating to homosexual behavior and mannerisms. Moreover, Defendant's employees admit to calling Mr. Rush these offensive terms and also admit to making comments and jokes referring to "gays and being gay" toward Mr. Rush.

(g) Mr. Rush rejected his co-workers behavior and told them that he was not gay nor did he engage in homosexual activity.

(h) Mr. Rush was utterly offended by his co-workers' crude behavior and complained to his Supervisor, William Hershey, on three separate occasions. Despite Mr. Rush's complaints, his co-workers continued to subject him to a sexually harassing work environment.

(i) On or about January 23, 2006, and within one month of Mr. Rush's last complaint of harassment, Defendant terminated Mr. Rush's employment alleging that he engaged in inappropriate behavior, which Mr. Rush vehemently denies. Despite Defendant's retaliatory actions toward Mr. Rush, Defendant failed to take any disciplinary action against Mr. Rush's harassers.

8. The effect of the practices complained of in paragraphs 7(a)-(i) above have been to deprive Nathan Rush of equal employment opportunities and otherwise adversely affect his status as an employee, because of his sex, male.

9. The effect of the practices complained of in paragraphs 7(a)-(i) above have been to deprive Nathan Rush of equal employment opportunities and otherwise adversely affect his status

as an employee in retaliation to engaging in protected activity protected under Title VII.

10. The unlawful employment practices complained of in paragraphs 7(a)-(i) above were intentional.

11. The unlawful employment practices complained of in paragraph 7(a)-(i) above were done with malice or with reckless indifference to the federally protected rights of Nathan Rush, as a male.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in sexual harassment and any other employment practice which discriminates on the basis of sex or retaliation.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities, which provide for an harassment free work environment, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to institute and carry out anti-discrimination and sexual harassment policies and complaint procedures.

D. Order Defendant Employer to institute and carry out complaint procedures which encourage employees to come forward with complaints regarding violations of its policies against discrimination, harassment and retaliation.

E. Order Defendant Employer to institute and carry out a training program which shall promote supervisor accountability imposing on all managers and supervisory personnel a duty to actively monitor their work areas to ensure compliance with policies on non-discrimination and anti-

harassment; and requiring all managers and supervisors to report any incidents and/or complaints of harassment and/or retaliation of which they become aware to the department charged with handling such complaints.

F.   Order Defendant Employer to make whole Nathan Rush by providing appropriate back pay and front pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

G.   Order Defendant Employer to make whole Nathan Rush by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, including their respective sub-parts, which include, but are not limited to, out-of-pocket losses, in amounts to be determined at trial.

H.   Order Defendant Employer to make whole Nathan Rush by providing compensation for past and future non pecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, including their respective sub-parts, which include, but are not limited to, pain and suffering, humiliation, embarrassment, loss of life's enjoyment and pleasures, depression, anxiety and inconvenience, in amounts to be determined at trial.

I.   Order Defendant Employer to pay Nathan Rush punitive damages for its malicious and reckless conduct described in paragraph 7 above, including their respective sub-parts, in amounts to be determined at trial.

J.   Grant such further relief as the Court deems necessary and proper in the public interest.

K.   Award the Commission its costs of this action.

L.   Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

RONALD S. COOPER
GENERAL COUNSEL

JAMES L. LEE
DEPUTY GENERAL COUNSEL

GWENDOLYN YOUNG REAMS
Associate General Counsel
Washington, D.C.

JACQUELINE H. McNAIR
Regional Attorney

JUDITH A. O'BOYLE
Supervisory Trial Attorney

DAWN M. EDGE
Trial Attorney
U.S. EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
21 S. 5th Street, Suite 400
Philadelphia PA 19106
Telephone: (215) 440-2687
Facsimile: (215) 440-2848